## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CARLOS WHITAKER,

    Plaintiff,

v.                                     Civil Action No.: JKB-22-1903

MS. KINNEY,

    Defendant.

## MEMORANDUM ORDER

Plaintiff Carlos Whitaker, who is currently confined at the Dorsey Run Correctional Facility ("DRCF") in Jessup, Maryland, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1.

Because Whitaker is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as is relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1) (2018). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a pro se plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Whitaker alleges that on April 19, 2022, he received a check from Time Zone Gifts for $252.00. ECF No. 1 at 4. He asserts that the check was never deposited in his account, and Ms. Kinney, a Case Manager and ARP Coordinator at DRCF, informed him it had been lost. *Id.* According to Whitaker, Ms. Kinney gave "[him] the run around" and said it was "out of her hands."

*Id.* at 4, 8. Without this check he has been unable to purchase necessities or contact his family. *Id.* at 5. He seeks monetary damages. *Id.*

Whitaker's Complaint does not identify what constitutional violation serves as the basis for his claim for lost property. To the extent Whitaker brings a claim under § 1983 for deprivation of property without due process in violation of the Fourteenth Amendment, his claim fails. Whitaker alleges he informed his case manager, Ms. Kinney, that his check was missing, but she failed to assist him in finding the check, so he never received the money. ECF No. 1 at 7, 8. However, a negligent deprivation of property is not actionable under § 1983. *See Kerr v. S.C. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 180695, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 80, (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 Fed. App'x 737, 740 (11th Cir. 2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").[1] Therefore, Whitaker's Complaint must be dismissed.

Finally, Whitaker has neither paid the $402 civil filing fee nor submitted a motion for leave to proceed *in forma pauperis* seeking its waiver. Because the Complaint must be dismissed, Whitaker will not be required to correct this deficiency.

---

[1] Even if Whitaker alleged an unauthorized intentional deprivation of property by a state employee, his claim would fail as he has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corr.*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-deprivation remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012).

Accordingly, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint is DISMISSED;

2. The Clerk SHALL SEND a copy of this Memorandum Order to Whitaker; and

3. The Clerk SHALL CLOSE this case.

Dated this 19 day of Aug., 2022.

FOR THE COURT:

James K. Bredar
Chief Judge